UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------- X
DEIDRE BASILE, individually and on behalf   :
of all others similarly situated,              CIVIL ACTION NO. _____ cv _____
                                            :
            Plaintiff,                         [Removed from Supreme Court of the State
                                            :  of New York, County of Bronx, Index
    v.                                         No. 812324/2024E]
                                            :
GENERAL MILLS SALES INC.,
                                            :
            Defendant.
                                            :
------------------------------------- X
```

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332, 1446, and 1453, Defendant General Mills Sales, Inc. ("General Mills") hereby removes Case No. 812324/2024E, entitled *Deidre Basile, individually and on behalf of all others similarly situated, v. General Mills Sales Inc.*, from the Supreme Court of the State of New York, County of Bronx, where said case was originally filed and is currently pending, to the United States District Court for the Southern District of New York. The removal is based on 28 U.S.C. §§ 1332, 1446, and 1453, and on the following grounds:

## BACKGROUND

1.      On or about August 5, 2024, Plaintiff Deidre Basile ("Plaintiff") filed a Summons and Complaint in the above-captioned matter in the Supreme Court of the State of New York, County of Bronx (the "Summons and Complaint"). A copy of the Summons and Complaint is attached hereto as **Exhibit A**.

2.       General Mills accepted service of the Summons and Complaint on November 27, 2024, pursuant to the Stipulation Regarding Service of Process and Extension of Time to Respond to Complaint (the "Stipulation"), filed in the above-captioned removed matter.  A copy of the Stipulation is attached hereto as **Exhibit B**.

3.       The Summons and Complaint and Stipulation comprise all of the documents served on General Mills to date in connection with the above-captioned removed matter.

4.       This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b)(1), because it was filed within 30 days after General Mills' receipt, "through service or otherwise, of a copy of the" Summons and Complaint.

5.       The Complaint asserts a single cause of action: violation of New York General Business Law ("GBL") Sections 349 and 350.  *See* Compl. ¶¶ 97–121.

6.       The claim concerns the labeling and packaging of a product manufactured by General Mills, Gardetto's Special Request Garlic Rye Chips (the "Product"), and Plaintiff's alleged purchase, application, use, and/or consumption of the Product.  *Id.* ¶ 74.

7.       Plaintiff brings this action as a purported class action.  He seeks to represent "[a]ll persons in New York who purchased the Product in New York during the statutes of limitations for each cause of action alleged." *Id.* ¶ 88.

## GROUNDS FOR REMOVAL

This basis for this Court's jurisdiction over the removed action is the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).

**I.     CAFA Gives This Court Jurisdiction Over the Removed Action.**

8.       CAFA authorizes federal district courts' exercise of original jurisdiction over putative class actions in which (1) there are at least 100 putative class members, (2) any putative

class member is a citizen of a state different from any defendant, and (3) the aggregated claims of the members of the putative class exceed $5 million.  28 U.S.C. § 1332(d).  This action may be removed pursuant to 28 U.S.C. §§ 1332, 1446, and 1453 because each of these requirements is satisfied, and because no exceptions apply.

      **A.**    **The putative class consists of more than 100 members.**

9.    CAFA defines "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action."  28 U.S.C. § 1332(d)(1)(B).  Here, the Complaint is titled "Class Action Complaint" and is purportedly brought by Plaintiff on behalf of himself and of "[a]ll persons in New York who purchased the Product in New York during the statutes of limitations for each cause of action alleged." Compl. ¶ 88.  Plaintiff alleges that the class is "definable and ascertainable," "with over 100 members, because the Product has been sold throughout the State for several years with the representations . . . identified here . . . ." *Id.* ¶¶ 93, 95.

      **B.**    **Minimal diversity exists between the parties.**

10.    CAFA requires only minimal diversity, that is, that the citizenship of at least one putative class member differs from that of at least one defendant.  28 U.S.C. § 1332(d)(2)(A).

11.    Plaintiff alleges that he resides in Bronx County, in the State of New York.  Compl. ¶ 71.  Plaintiff further alleges that he is a citizen of the State of New York.  *See id.* ¶ 65.[1]

12.    General Mills is incorporated under the laws of Delaware and its principal place of

---

[1] We note that Plaintiff did not specifically allege his "domicile," *see* S.D.N.Y. Local Civil Rule 81.1, but understand his allegations in paragraphs 65 and 71 of the Complaint to suggest that Plaintiff is domiciled in the State of New York.

3

business is Minneapolis, Minnesota. Compl. ¶ 76. A corporation's principal place of business is the place where "a corporation's officers direct, control, and coordinate the corporation's activities," which is typically "the place where the corporation maintains its headquarters." *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010). General Mills is therefore a citizen of Delaware and Minnesota. 28 U.S.C. § 1332(c)(1).

13. Because Plaintiff and General Mills are citizens of different states, CAFA's minimal diversity requirement is satisfied. 28 U.S.C. § 1332(d)(2)(A).

C. **The amount in controversy requirement is satisfied.**

14. Since Plaintiff does not plead a specific amount in controversy, General Mills need only make "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

15. Plaintiff's lawsuit meets the amount-in-controversy requirement because it seeks monetary damages, interest, and costs and expenses (specifically including attorneys' and expert fees and other relief) that, in the aggregate, exceed $5 million.

16. Even setting aside attorneys' and expert fees, interest, and costs, the actual value of the Product sales Plaintiff seeks as damages exceeds $5 million. Compl. ¶¶ 117–21.

17. The amount in controversy requirement for federal diversity jurisdiction under CAFA is therefore satisfied. 28 U.S.C. § 1332(d)(2).

D. **No CAFA Exceptions Apply.**

18. The removed action does not fall within any applicable exception to CAFA removal jurisdiction under 28 U.S.C. §§ 1332(d) or 1453(d), and Plaintiff has the burden of proving otherwise. *Greenwich Fin. Servs. Distressed Mortg. Fund 3 LLC v. Countrywide Fin. Corp.*, 603 F.3d 23, 26 (2d Cir. 2010); *see also Fields*, 2014 WL 3877431, at *3.

**II.     General Mills Has Satisfied All Other Requirements for Removal.**

19.     Pursuant to 28 U.S.C. § 1446, General Mills hereby provides this Court with copies of all process, pleadings, and orders served on and/or received by General Mills in this Action, including the Summons and Complaint, attached as Exhibit A, and the Stipulation, attached as Exhibit B.

20.     Pursuant to 28 U.S.C. § 1446(d), General Mills will promptly serve on Plaintiff and file with the Supreme Court of the State of New York, County of Bronx, a Notice of Filing of Notice of Removal to Federal Court. Pursuant to Federal Rule of Civil Procedure 5(d), General Mills will also file with this Court a Certificate of Service of its Notice to Plaintiff.

**III.    Non-Waiver of Defenses**

21.     General Mills expressly reserves all of its defenses. By removing the above-referenced action to this Court, General Mills does not waive any rights or defenses available under federal or state law. General Mills expressly reserves the right to move for dismissal of the Complaint under Rule 12 of the Federal Rules of Civil Procedure. Nothing in this Notice of Removal should be taken as an admission that Plaintiff's allegations are sufficient to state a claim or have any substantive merit.

WHEREFORE, General Mills requests that the above-described action, now pending against it in the Supreme Court of the State of New York, Bronx County, be removed to the United States District Court for the Southern District of New York.

DATED:  December 6, 2024                    **PERKINS COIE LLP**

By: */s/ Adam R. Mandelsberg*
Adam R. Mandelsberg
Gabriella M. Romanos Abihabib
PERKINS COIE LLP
1155 Avenue of the Americas, 22nd Floor
New York, NY 10036-2711
Tel: (212) 261-6867
amandelsberg@perkinscoie.com

*Attorneys for Defendant*
*General Mills Sales, Inc.*