USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/26/25

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DEIDRE BASILE, individually and on
behalf of all others similarly
situated,

                              Plaintiff,

              - against -

GENERAL MILLS SALES, INC.,

                              Defendant.

24 Civ. 9329 (LLS)

OPINION & ORDER

Plaintiff Deidre Basile ("Basile") brings this putative class action against defendant General Mills Sales, Inc. ("General Mills") for violations of New York General Business Law Sections 349 and 350. General Mills moves to dismiss the Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the motion to dismiss is denied.

## BACKGROUND

The following facts are taken from the Complaint and presumed to be true for the purposes of this motion.

Plaintiff Deidre Basile is a New York citizen who purchased Gardetto's Garlic Rye Chips in New York between July 2021 and July 2024. Compl. ¶¶ 65, 74, 83 (Dkt. No. 1-1). Basile was drawn to the chips because she tries to consume more whole grains, which she believes are healthier than non-whole or refined grains. Id. ¶ 80. The Complaint outlines the health benefits of

-1-

rye flour in great detail. See generally id.

In selecting the chips, "Plaintiff read, saw, and relied on the packaging and labeling, (1) a food described as Garlic Rye Chips, (2) with 'Rye' emphasized by lines above and below, (2) described as a 'Special Request,' (3) above seven, dark brown chips, the color of dark rye, (4) with visible garlic seasoning...to mean rye flour, and/or dark rye grains, which were whole grains, was the predominant flour ingredient, or at least present in a significant amount." Id. ¶ 81.



Id. ¶ 30.

Plaintiff alleges that the packaging is false and

misleading, as the predominant flour ingredient is refined flour from non-whole grains. Id. ¶ 81. The ingredients are listed on the back of the bag in order of weight, with the most prominent ingredient being enriched flour, which is "a type of refined, nonwhole grain, wheat flour." Id. ¶ 31. Rye flour is the third ingredient, and the last ingredient is caramel color, which plaintiff alleges "is likely responsible for the chips' dark color, so it appears they are made mainly or with a significant amount of dark rye flour, when this is false." Id.



**Ingredients: Enriched Flour** (wheat flour, niacin, iron, thiamin mononitrate, riboflavin, folic acid), **Vegetable Oil** (high oleic canola, high oleic soybean, high oleic sunflower, palm, fractionated palm, palm olein and/or soybean), **Rye Flour, Sugar, Salt. Contains 2% or less of:** Yeast, Monosodium Glutamate, Maltodextrin, Dried Worcestershire Sauce (vinegar, molasses, corn syrup, salt, caramel color, garlic powder, sugar, spice, tamarind, natural flavor), Onion Powder, Garlic Powder, Fumaric Acid, Spice, Sodium Diacetate, Disodium Inosinate, Disodium Guanylate, Caramel Color. Freshness Preserved by BHT.

Id.

Based on the packaging, Basile "did not expect that whole

grain rye flour...was not the Product's predominant flour ingredient." Id. ¶ 84. Plaintiff alleges that she was injured because she paid more for the product than she otherwise would have had she known that whole grain rye flour was not the predominant flour, and she "would not have paid as much absent Defendant's false and misleading statements and/or omissions." Id. ¶¶ 85-86.

## PROCEDURAL HISTORY

On August 5, 2024, Basile brought this class action against General Mills in the Supreme Court of the State of New York, County of Bronx, for one count of deceptive acts and practices in violation of N.Y. Gen. Bus. Law § 349 and one count of false advertising in violation of N.Y. Gen. Bus. Law § 350 (Dkt. No. 1-1). On December 6, 2024, General Mills removed the case to this Court pursuant to 28 U.S.C. §§ 1332, 1446, and 1453, alleging damages of more than $5,000,000 (Dkt. No. 1). On January 8, 2025, General Mills moved to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) (Dkt. No. 9).

## LEGAL STANDARD

On a motion to dismiss, the Court accepts "all factual allegations in the complaint as true, drawing all reasonable inferences in favor of the Plaintiff." Kelly-Brown v. Winfrey, 717 F.3d 295, 304 (2d Cir. 2013). To survive a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil

Procedure 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

## DISCUSSION

Basile brings claims under N.Y. Gen. Bus. Law §§ 349 and 350. Section 349 prohibits "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state." Section 350 prohibits "[f]alse advertising in the conduct of any business, trade or commerce or in the furnishing of any service in this state." The legal standards for both are identical. Barreto v. Westbrae Nat., Inc., 518 F. Supp. 3d 795, 802 (S.D.N.Y. 2021). To state a claim, "a plaintiff must allege that a defendant has engaged in (1) consumer-oriented conduct that is (2) materially misleading and that (3) plaintiff suffered injury as a result of the allegedly deceptive act or practice." Orlander v. Staples Inc., 802 F.3d 289, 300 (2d Cir. 2015) (internal quotations and citations omitted). "An act is materially misleading if it is 'likely to mislead a reasonable consumer acting reasonably under the circumstances.'" Gwinn v. Laird Superfood, Inc., 643 F. Supp. 3d

-5-

450, 456 (S.D.N.Y. 2022) (citing Fink v. Time Warner Cable, 714
F.3d 739, 741 (2d Cir. 2013)). "Courts view each allegedly
misleading statement in light of its context on the product label
or advertisement as a whole." Wurtzburger v. Kentucky Fried
Chicken, 2017 WL 6416296, at *3 (S.D.N.Y. Dec. 13, 2017)
(internal quotations and citations omitted). "A consumer
deception case may be dismissed under Rule 12(b)(6) where it is
clear that reasonable consumers would not be deceived by a
product's packaging." Brumfield v. Trader Joe's Co., 2018 WL
4168956, at *2 (S.D.N.Y. Aug. 30, 2018).

General Mills argues that the case should be dismissed on
the second prong, as no reasonable consumer would be misled by
the chips' labels, which are truthful and not misleading. They
contend that "garlic rye" refers to the chips' flavor, not their
ingredient content. They argue that a reasonable consumer would
not equate a product's flavor with its ingredients and "would not
draw a conclusion as to the quantity or predominance of [a]
flavor so long as some of the...flavor" was present. Barreto, 518
F. at 804. In support, General Milles cites to a long line of
cases in this District holding that food labels are not
materially misleading when a product contains the flavor that is
advertised. See Brumfield, 2018 WL 4168956, *2 (S.D.N.Y. Aug. 30,
2018) (truffle oil); Pichardo v. Only What You Need, Inc., 2020
WL 6323775, at *3 (S.D.N.Y. Oct. 27, 2020) (vanilla protein

drink); Steele v. Wegmans Food Markets, Inc., 472 F. Supp. 3d 47, 50 (S.D.N.Y. 2020) (vanilla ice cream); Cosgrove v. Blue Diamond Growers, 2020 WL 7211218, at *3 (S.D.N.Y. Dec. 7, 2020) (vanilla almond milk); Barreto, 518 F. Supp. at 804 (vanilla soymilk). The bulk of these cases involve vanilla-flavored items, where courts routinely hold that the word "vanilla," even without additional modifiers like "flavored," refers to a flavor and not an ingredient. See, e.g., Cosgrove, 2020 WL 7211218, at *3 ("a reasonable consumer would associate the representation of 'Vanilla' -- with no additional language modifiers -- to refer to a flavor and not to vanilla beans or vanilla extract as an ingredient"). General Mills urges the Court to do the same here and hold that the chips are "garlic rye" flavored and need not contain a specific amount of rye.

Basile counters that "rye" refers not to a flavor but to an ingredient, rye flour, which is more nutritious than white flour. She analogizes to a recent line of cases in the Second Circuit, which found it misleading to label grain-based products as "whole grain" when most or all of their grain content was actually white flour. Mantikas v. Kellogg Co., 910 F.3d 633 (2d Cir. 2018) (holding that a "whole grain" label on Cheez-It crackers could mislead a reasonable customer into believing they contained predominantly whole grains); Venticinque v. Back to Nature Foods Co., LLC, 2024 WL 3385136 (2d Cir. July 12, 2024) (holding that

-7-

"organic whole wheat flour" label on stoneground wheat crackers could mislead a reasonable customer into believing they contained predominantly organic whole wheat flour). This is true even where an ingredient list reveals that white flour predominates, as "[r]easonable consumers should [not] be expected to look beyond misleading representations on the front of the box to discover the truth from the ingredient list in small print on the side of the box." Mantikas, 910 F.3d at 637 (quoting Williams v. Gerber Prods. Co., 552 F.3d 934, 939 (9th Cir. 2008)). In Mantikas, the Second Circuit squarely rejected the contention that "it is not misleading to state that a product is made with a specified ingredient if that ingredient is in fact present," as "[s]uch a rule would validate highly deceptive marketing," allowing a manufacturer "to lead consumers to believe its [products] were made of whole grain so long as [they] contained an iota of whole grain, along with 99.999% white flour." 910 F.3d at 638. Courts in this District have extended the Mantikas reasoning to graham crackers, holding that "graham" refers to the ingredient graham flour, which is a whole wheat flour. Campbell v. Whole Foods Mkt. Grp., Inc., 516 F. Supp. 3d 370, 383 (S.D.N.Y. 2021) (holding that a reasonable consumer could conclude that "graham" refers to whole wheat graham flour); Feldman v. Wakefern Food Corp., 716 F. Supp. 3d 71, 81 (S.D.N.Y. 2024) (same); Brockington v. Dollar Gen. Corp., 695 F. Supp. 3d 487, 505 (S.D.N.Y. 2023) (same);

Warren v. Stop & Shop Supermarket LLC, 592 F. Supp. 3d 268, 280 (S.D.N.Y. 2022) (same); Valcarcel v. Ahold U.S.A., Inc., 577 F. Supp. 3d 268, 278 (S.D.N.Y. 2021) (same); contra Kennedy v. Mondelez Glob. LLC, 2020 WL 4006197, at *3 (E.D.N.Y. July 10, 2020) ("The word 'graham' when included in the term 'grahams' or the phrase 'graham crackers' does not connote graham flour."). Basile argues the same should be done with "rye" here, as rye flour is also a whole wheat flour.

On the one hand, General Mills' analogy to flavor cases is compelling. Rye, like vanilla, is unique in that it may be "both a taste and an ingredient." Pichardo, 2020 WL 6323775, at *4. While Basile alleges that "rye" refers to an ingredient, the Complaint notes rye's unique flavor and scent. Compl. ¶¶ 21, 22. Much like the vanilla-flavored items at issue in those cases, particularly ice cream, chips come in a wide variety of flavors. Defendants allege that Gardetto's sells multiple flavors of chips, including Pizzeria, Deli-Style Mustard, Spicy Italian, Chipotle Cheddar, and Peppercorn Ranch. Def. Br. at 2-3 (Dkt. No. 10). Reasonable consumers would be aware of this context when making purchasing decisions.

However, there are a few notable differences here. First, rye has additional health considerations, as Judge Caproni clearly explained in Pichardo:

> A vanilla product that exclusively uses vanilla extract
> for vanilla flavor is not healthier — or materially

different in any other way — than a vanilla product that
uses vanillin from some other natural source. Unlike
whole grain and white flour products, vanilla products
are not even divided into those that are flavored
exclusively with vanilla extract and those that are
not. Implying that whole grain flour is the dominant
ingredient when, in fact, the dominant ingredient is
white flour can be misleading because, given the
labeling, reasonable consumers would expect a different,
healthier product. In contrast, stating that a protein
drink is vanilla flavored when it is, even without
clarifying the source of the vanilla, does not mislead
because reasonable consumers would expect a vanilla
taste, and that is exactly what they get.

2020 WL 6323775, at *4.

Additionally, the chips pictured on the front of the
Gardetto's label are clearly a grain-based product, not a
traditional potato chip. This puts them in a different context
for consumers:

> [R]easonable consumers are likely to understand that
> crackers are typically made predominantly of grain. They
> look to the bold assertions on the packaging to
> discern what *type* of grain. The representation that a
> cracker is "made with whole grain" would thus plausibly
> lead a reasonable consumer to conclude that the grain
> ingredient was entirely, or at least predominately,
> whole grain

Mantikas, 910 F.3d at 638. With these considerations in mind,
it is more appropriate to apply the Mantikas line of cases
here.

To be sure, there are distinctions between the labels on
Gardetto's Garlic Rye Chips and those in Mantikas and other whole
grain cases. In Mantikas, there were "large, bold-faced," and
"conspicuous...claims on the front and center of the Defendant's

packaging," saying "WHOLE GRAIN" and "MADE WITH WHOLE GRAIN," along with qualifications that the product was "MADE WITH 8G OF WHOLE GRAIN PER SERVING" or "MADE WITH 5G OF WHOLE GRAIN PER SERVING." Id. at 637-39. In Venticinque, the Organic Stoneground Wheat Crackers had a reference to "ORGANIC WHOLE WHEAT FLOUR" listed right below the name. No such labels exist here, where "rye" is mentioned once in small font, and there are no references to "rye flour" or "whole grains."

However, recent cases applying Mantikas have found potential consumer confusion even on labels that do not reference whole grains as conspicuously. Compare Feldman, 716 F. Supp. 3d at 81-82 (label included a special whole grain stamp and guaranteed "8g or more per serving" of the "48g of whole grains people should consume daily"), and Brockington, 695 F. Supp. 3d at 505 (label included a seal that stated, "Contains 8g of whole grain per serving" above another statement that the "USDA recommends 48g or more of whole grain daily"), with Warren, 592 F. Supp. 3d at 280 (label simply said "Graham Crackers - Honey"), and Campbell, 516 F. Supp. 3d at 383 (label simply said "Organic Honey Graham Crackers"). The same reasoning could be used here to find that the label's singular reference to "rye" is misleading, even without additional specifications about the chips' whole grain content.

On balance, given the early stage of proceedings and our

-11-

obligation to draw all reasonable inferences in favor of the plaintiff, the Court finds that Gardetto's Garlic Rye Chips more closely parallel the grain-based products in recent Second Circuit jurisprudence than the flavored products in other cases. Basile has plausibly alleged that a reasonable consumer may be misled by the labels on Gardetto's Garlic Rye Chips. Basile has also plausibly alleged that she has been injured by paying a higher price for the chips than she otherwise would have. See Orlander v. Staples, Inc., 802 F.3d 289, 302 (2d Cir. 2015) (discussing "price premium" injuries). For those reasons, General Mills' motion to dismiss is denied.

## CONCLUSION

For the foregoing reasons, General Mills' motion to dismiss is denied.

So ordered.

Dated:    New York, New York
          August 26 2025

                              _Louis L. Stanton_
                              LOUIS L. STANTON
                              U.S.D.J.